**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

ANTHONY ENCARNACAO, an individual

Plaintiff,

v.

PHASE FORWARD INC., a Delaware corp., *et al.*,

Defendants.

Case No. CV 11-05090-ODW (PLAx)

Order **GRANTING** Defendants' Motion to Dismiss [24]

## I. INTRODUCTION

Pending before the Court is Defendants Phase Forward, Inc.; D. Ari Buchler ("Buchler"); Russell J. Campanello ("Campanello"); Chistopher Menard ("Menard"); Steven Powell ("Powell"); Steven Rosenberg ("Rosenberg"); and Robert K. Weiler's ("Weiler") (collectively "Defendants"[1]) September 12, 2011 Motion to Dismiss. (Dkt. No. 24.) Plaintiff Anthony Encarnacao ("Plaintiff") filed his Opposition on December 21, 2011 (Dkt. No. 40), to which Defendants filed a Reply on January 30, 2011 (Dkt. No.

[1]The Court refers to Buchler, Campanello, Menard, Powell, Rosenberg, and Weiler collectively as the "Individual Defendants."

3). After careful consideration of the papers filed in support of and in opposition to the instant Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7–15. For the reasons discussed below, Defendants' Motion is **GRANTED**.

## II. BACKGROUND

Plaintiff was employed by Phase Forward, Inc. ("Phase Forward") from June 2003 until September 2010. (First Amended Complaint ("FAC") ¶¶ 14, 24.) Beginning in 2007, Plaintiff entered into yearly compensation arrangements with Phase Forward (the "Compensation Arrangements"), whereby he received, *inter alia*, a base salary and commissions based upon the orders he generated from Phase Forward customers. (FAC ¶¶ 15, 16, 19.) Under the Compensation Arrangements, the commissions "accrued" at the time the transactions became fixed. (FAC ¶ 17.) A portion of each commission was to be paid to Plaintiff at the time the transaction was completed, and the remainder was to be deferred and paid over a period of years according to a "revenue recognition schedule." (FAC ¶ 17; Mot. at 2.) The initial commission was to be 50 percent, and the deferred portion was to be the remaining 50 percent. (FAC ¶ 26.)

In April 2010, Oracle America, Inc. ("Oracle") acquired Phase Forward and succeeded to all of Phase Forward's rights and liabilities. (FAC ¶ 23.) Plaintiff alleges that in September 2010, Phase Forward discontinued operations and terminated all of its employees, including Plaintiff. (FAC ¶ 24.)

Plaintiff contends that Phase Forward refuses to pay him the deferred commissions that accrued pursuant to the "revenue recognition schedule." (FAC ¶ 24.) He further contends that Defendants never intended to honor the Compensation Arrangements. (FAC ¶ 27.) Plaintiff claims that Defendants induced him to execute each of the Compensation Arrangements, which falsely represented to him that he would be fully compensated, as a ploy to grow Phase Forward's business and sell it for a high return. (FAC ¶¶ 27–28.) He asserts that he relied upon Defendants' representations in executing the Compensation Arrangements and suffered damages as a result. (FAC ¶¶ 29–30.)

Pursuant to the foregoing events and contentions, Plaintiff filed a Complaint on June 16, 2011. (Dkt. No. 1.) Plaintiff subsequently filed a FAC on August 29, 2011. (Dkt. No. 22.) Therein, Plaintiff alleges that Defendants violated the Racketeer Influenced and Corrupt Organization Act ("RICO") by engaging in a pattern of racketeering activity, in violation of 18 U.S.C. § 1962(c)–(d)[2]. (FAC ¶¶ 37–40.) Plaintiff predicates his RICO claim on Defendants' multiple alleged acts of wire fraud, 18 U.S.C. §§ 1341, 1343, asserting that Defendants falsely represented to him via four annual email communications, sent in 2007, 2008, 2009, and 2010, that he would be compensated according to the Compensation Arrangements. (FAC ¶¶ 37–41.)

Plaintiff also alleges in his FAC that Individual Defendants tortiously interfered with the contract between Plaintiff and Phase Forward. (FAC ¶¶ 51–55.) Plaintiff claims that Individual Defendants induced Phase Forward to breach the Compensation Arrangements, intending to reap financial benefits as a result. (FAC ¶¶ 53–54.)

On December 8, 2011, the Court ruled on a Motion to Dismiss, pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(2), holding that the Court has personal jurisdiction over the Individual Defendants. (Dkt. No. 35.) The Court now considers Defendants' September 12, 2011 Motion to Dismiss under Rule 12(b)(6).

## III. LEGAL STANDARD

"To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint generally must satisfy only the minimal pleading requirements of Rule 8(a)(2)." *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). For a complaint to sufficiently state a claim, its "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v.*

---

[2] Section 1962(c)–(d) provides, "(c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt. (d) It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section." 18 U.S.C. § 1962(c)-(d).

*Twombly*, 550 U.S. 544, 555 (2007). Dismissal under a 12(b)(6) motion can be based on "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To overcome a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement of relief." *Id*.

When considering a 12(b)(6) motion, a court is generally limited to considering material within the pleadings and must construe "[a]ll factual allegations set forth in the complaint . . . as true and . . . in the light most favorable to [the plaintiff]." *See Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001) (citing *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 11 (9th Cir. 1996)). A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed.R.Civ.P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir.1986); *see Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV. DISCUSSION

Defendant moves to dismiss Plaintiff's second and fourth claims for violation of RICO and tortious interference with a contract, respectively. The Court considers each in turn.

///

///

**A. PLAINTIFF'S SECOND CLAIM FOR VIOLATION OF RICO**

Plaintiff's second claim alleges that Defendants are liable to him under RICO because they fraudulently induced Plaintiff to remain with Phase Forward while never intending to honor the Compensation Arrangements, and subsequently terminated him without paying him the deferred commissions. (FAC ¶¶ 32–41.) Defendants contend that Plaintiff fails to state a claim because he failed to allege, *inter alia*, proximate causation. (Mot. at 11–12.) Defendants argue that Phase Forward's email communications "to plaintiff were only the 'but for' cause of Plaintiff's alleged injury, not the proximate cause, which is insufficient as a matter of law." (Reply at 7.) The Court is persuaded by Defendants' argument.

RICO "makes it unlawful for any person employed by or associated with any enterprise . . . to conduct or participate . . . in the conduct of such enterprise's affairs through the commission of two or more statutorily defined crimes—which RICO calls a pattern of racketeering activity." *Cedric Kushner Promotions, Ltd. v. King*, 553 U.S. 158, 160 (2001); 18 U.S.C. § 1962(c). To state a claim under RICO, Plaintiff must show that the Defendants' pattern of racketeering activity proximately caused his injuries. *Hemi Group, LLC v. City of N.Y.*, 130 S. Ct. 983, 989 (2010). A defendant's RICO violation is the proximate cause of Plaintiff's injuries if it *directly led* to a plaintiff's injuries. *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 461 (2006). Foreseeability is not part of the proximate causation analysis in the RICO context. *Hemi Group*, 130 S. Ct. at 991. Thus, "a civil RICO plaintiff may not obtain recovery on the sole basis that his injuries were the foreseeable, or *even the intended*, consequence of a violation of substantive RICO." *Mattel, Inc. v. MGA Entm't, Inc.*, 782 F. Supp. 2d 911, 1024 (2010) (emphasis added).

Plaintiff alleges that he relied upon Phase Forward's representations to Plaintiff that Phase Forward would pay him according to the Compensation Arrangements. (FAC ¶ 29.) He contends that Phase Forward's representations were fraudulent because Phase Forward never intended to honor its commitments to him. (FAC ¶ 29.) Plaintiff further

claims that Phase Forward failed to pay him the "remaining commissions that he had accrued" following his termination. (FAC ¶ 24.) Pursuant to these allegations, Plaintiff concludes that he suffered damages as a proximate result of entering into the agreements with Phase Forward. (FAC ¶ 41.) Plaintiff's FAC does not bear out this causal relationship.

Plaintiff alleges that Oracle acquired Phase Forward, including its rights *and* liabilities, in April 2010. (FAC ¶ 23.) Five months later, in September 2010, Plaintiff's employment ended. (FAC ¶ 24.) Therefore, even if Defendants intended not to pay Plaintiff according to the Compensation Arrangements, they did pay Plaintiff at least until Oracle took over the agreements. According to Plaintiff's allegations, one can logically infer that either Phase Forward or Oracle must have continued paying Plaintiff for five months following Oracle's acquisition of Phase Forward, as it was only *after* Plaintiff's alleged termination that Phase Forward refused to pay Plaintiff. (FAC ¶ 24.) Further, if Oracle acquired all of Phase Forward's liabilities, then it was Oracle's—not Phase Forward's—duty to honor Plaintiff's Compensation Arrangement. Accordingly, Phase Forward's alleged fraudulent representations did not *directly* cause Plaintiff's injuries; rather, Oracle's alleged termination of and subsequent refusal to pay Plaintiff directly caused Plaintiff's injuries. Additionally, even if Phase Forward was the entity that actually terminated Plaintiff, then it would have been Phase Forward's termination of and subsequent refusal to pay Plaintiff—not the allegedly fraudulent email communications—that proximately caused Plaintiff's injuries. Thus, regardless of which entity terminated Plaintiff, any connection between the communications that Defendants sent to Plaintiff and his subsequent injuries is too remote to satisfy proximate causation. Plaintiff has therefore failed to allege proximate causation and consequently fails to state a RICO claim. *See Hemi Group, LLC* 130 S. Ct. at 989.

Moreover, Plaintiff concedes in his opposition that "Oracle's acquisition of Phase Forward *directly caused* the company to renounce its obligations to Plaintiff, as was Phase Forward's intention throughout the negotiations with Oracle." (Opp'n at 5 (emphasis added).) Regardless of Phase Forward's intentions, this statement reveals that

it was not Phase Forward's four annual email communications—the predicate acts upon which Plaintiff's RICO claim is alleged—that caused Plaintiff's injury, but rather Oracle's acquisition of Phase Forward.

Finally, underlying Plaintiff's theory appears to be the contention that Defendants should have disclosed the Phase Forward-Oracle merger discussions to him as part of its annual Compensation Agreement communications. However, Plaintiff's FAC is bereft of any allegation that he would not have executed the annual Compensation Agreements had he known of the merger discussions. In any event, such an allegation would border on the unduly speculative, as there was no guarantee that the merger would actually close at all. Accordingly, the Court queries whether Plaintiff has in fact pleaded the requisite the causal connection necessary to satisfy Rule 9(b)'s heightened pleading standards with respect to Plaintiff's fraud claim, upon which Plaintiff's RICO claim is predicated. This observation only further weakens Plaintiff's proximate cause allegations.

The Court therefore finds that Plaintiff has failed to sufficiently plead a RICO claim that is plausible on its face. *See Iqbal*, 129 S. Ct. at 1949. Accordingly, Defendants' Motion to Dismiss is **GRANTED** with respect to Plaintiff's second claim. Because it does not appear that Plaintiff could plead any set of facts plausibly establishing the requisite causal relationship between Plaintiff's alleged fraud claim and his resulting injury to constitute a viable RICO claim, Plaintiff's second claim is **DISMISSED WITH PREJUDICE**.

### B. PLAINTIFF'S FOURTH CLAIM FOR TORTIOUS INTERFERENCE WITH CONTRACT

Plaintiff's fourth claim alleges that Individual Defendants interfered with the contract between Plaintiff and Phase Forward. (FAC ¶¶ 51–55.) Individual Defendants contend that Plaintiff failed to allege sufficient factual matter to constitute a claim for interference with a contract. (Mot. at 13.)

///

To state a claim for interference with a contract, Plaintiff must allege "(1) a valid

contract between plaintiff and a third party; (2) defendants' knowledge of the contract; (3) defendants' intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage." *Tuchscher Dev. Enters., Inc. v. San Diego Unified Port Dist.*, 106 Cal. App. 4th 1219, 1239 (Ct. App. 2003). A cause of action for interference with a contract does not lie against a party to the contract. *Shoemaker v. Myers*, 52 Cal. 3d 1, 13 (1990). "It is also well established that corporate agents acting for and on behalf of a corporation cannot be held liable for inducing a breach of the corporation's contract." *Id*. at 14.

Plaintiff has failed to sufficiently plead a claim for interference with a contract. Plaintiff alleges that "Individual Defendants intended to induce Phase Forward to breach the compensation plans" and "did in fact induce Phase Forward to breach the compensation plans." (FAC ¶¶ 53, 54.) Because Individual Defendants are "director[s] and/or officer[s]" (FAC ¶¶ 7–11) acting on behalf of Phase Forward, they cannot be liable for inducing a breach of Plaintiff's Compensation Arrangements. *Shoemaker*, 52 Cal. 3d at 14. Accordingly, Plaintiff's fourth claim for tortious interference with a contract fails to state a claim against Individual Defendants. Defendants' Motion to Dismiss the fourth claim is therefore **GRANTED**. Moreover, the Court can conceive of no set of facts under which Plaintiff could allege that the Individual Defendants acted outside of their corporate duties in causing the corporation to refuse to pay Plaintiff his accrued deferred compensation. Therefore, Plaintiff's fourth claim is **DISMISSED WITH PREJUDICE**.

///

///

///

///

///

## V. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is **GRANTED**. Plaintiff's second claim for violation of RICO and fourth claim for tortious interference with contract are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

February 7, 2012

HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE