CRONE HAWXHURST LLP
10880 WILSHIRE BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90024
Tel: (310) 893-5150 • Fax: (310) 893-5195

1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ANTHONY ENCARNACAO, an individual,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>PHASE FORWARD INCORPORATED, a Delaware corporation, *et al.*,<br><br>　　　　Defendants. | Case No.: CV11-05090 ODW (PLA)<br><br>DISCOVERY MATTER<br><br>**AMENDED PROTECTIVE ORDER RE: CONFIDENTIAL INFORMATION**<br><br>Judge:　　Hon. Paul L. Abrams<br>Courtroom:　G, 9th Floor |

{00052689.DOC - v1}

PROPOSED PROTECTIVE ORDER RE: CONFIDENTIALITY

The Court, upon stipulation and for good cause shown, hereby enters the following confidentiality order governing discovery in this case:

1. **Scope of Order.**  This Stipulated Protective Order Re: Confidential Information ("Stipulated Protective Order") governs the handling of all material produced, given, or filed during discovery or other proceedings in this action, but shall not apply to the trial of this action.  Specifically, all of the information that is designated as confidential pursuant to the terms of this Protective Order will be presumptively available to all members of the public at trial, including the press, unless good cause is shown to the district judge in advance of the trial to proceed otherwise.  The provisions of this Stipulated Protective Order shall apply to the Parties to this Joint Stipulation, and any other Person producing, receiving, or disclosing Material in this action.

2. **GOOD CAUSE STATEMENT.**  The parties seek to protect from disclosure to third-parties and the public confidential information and materials that may be produced in this action.  For example, Oracle contends that certain discoverable documents and testimony may contain proprietary information that: (a) derives independent economic value from not being generally known to the public or other persons who could obtain economic value from its use; (b) is not readily ascertainable; and (c) is the subject of Oracle's reasonable efforts to protect its secrecy.  This proprietary information may include, among other things, Oracle's nonpublic proprietary pricing information, and customer identities.  Plaintiff agrees that some of this information may qualify as a "trade secret" as that term is defined by the California Uniform Trade Secrets Act, Cal. Civ. Code §§ 3426, et seq.  Furthermore, plaintiff may seek discovery of certain information confidential to third-parties.  Oracle contends such information (if demonstrated to be discoverable) should be protected from public disclosure.

3. **Definitions.**

   (a) As a general guideline, Materials designated as "Confidential" shall be those things that may be disclosed to the Parties for purposes of this litigation, but which must be protected from disclosure to third parties.  Absent a specific order from this Court, Materials designated as "Confidential" shall be used by the Parties solely in connection with this litigation, and not for any business, competitive, or governmental purpose or function, and such Materials shall not be disclosed to anyone except as provided herein.

   (b) "Protected Material" means any type or classification of Material that is designated as "Confidential" by the Producing Person and that contains the Producing Party's trade secrets, which in this case might include  current customer lists and nonpublic financial information. It might also include information protected by the right to privacy, including personnel information in an employee's confidential employment file.  Publicly available information is not Protected Material.  The Parties cannot reasonably anticipate all information that will be requested and produced in this action, and they therefore reserve the right to designate as Protected Material any document or category of information that they in good faith believe is entitled to the designation even if it is not expressly mentioned in the definition above.

   (c) "Confidential Information" means any information contained in Protected Material, as defined above, and only the limited portions of briefs, memoranda, exhibits, or testimony, or the limited portions of any other writing filed with the Court that mentions, discusses, or

CRONE HAWXHURST LLP
10880 WILSHIRE BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90024
Tel: (310) 893-5150 • Fax: (310) 893-5195

refers to any Protected Material.

(d) "Material" means papers, documents, tapes, testimony, and other information produced, given, or filed during discovery or other proceedings in this action, including, but not limited to, answers to interrogatories, responses to requests for admissions, deposition testimony, information provided during any settlement discussions, and all copies, excerpts, summaries, and information derived from any such papers or documents.

(e) "Person" means a natural person, firm, association, organization, partnership, business, public entity, or other person acting on behalf of such person.

(f) "Party" or "Parties" means Anthony Encarnacao, Oracle America, Inc. (on behalf of Phase Forward Incorporated), Christopher Menard, D. Ari Buchler, Russell J. Campanello, Steven Rosenberg, Steven Powell, Robert K. Weiler, or any other Person who is joined in this action as a party.

(g) "Producing Person" means any Person, as defined above, producing or disclosing Material in this action.

(h) "Discovering Party" means any Party that requests and receives Materials in this action through the discovery process.

4. **Designation of Protected Material.**  A Producing Party may designate Discovery Material as "Confidential" in the following manner:

(a) <u>Designation of Documents</u>:  Any document (defined herein as including, but not limited to:  exhibits, documents and things (including computer diskettes and other storage media) produced in response to discovery requests, interrogatory responses, responses to requests for admission, motions, briefs, memoranda, and copies of

1   any of the foregoing) produced or given by any Producing Person
2   during discovery, hearings, or trial in this case which sets forth or
3   contains any Confidential Information may be so designated by
4   affixing the legend "Confidential" on each page containing
5   Confidential Information at the time such document is produced or
6   provided, or as soon thereafter as the Producing Person seeking
7   protection becomes aware of the confidential nature of the
8   document.

9   (b) <u>Designation of Deposition Testimony</u>:  Deposition testimony may
10       be designated "Confidential" by oral designation on the record, or
11       within five (5) days after the transcript of such deposition is mailed
12       to the designating Person.  The designating Person shall instruct the
13       court reporter to separately bind the portions of the deposition
14       transcript so designated, and to stamp the word "Confidential" on
15       each designated page of the transcript.  Pending expiration of this
16       five-day period, all Parties shall treat all deposition testimony and
17       exhibits as if they had been designated as "Confidential."

18  (c) <u>Treatment of Court-Filed Materials.</u>  A Party that intends to file
19       with the Court any information that another Party or non-party has
20       designated as "Confidential" shall comply with the sealing and
21       lodging requirements of the Court's <u>Local Rules</u>.  Specifically, if
22       Protected Material is included in any papers to be filed in Court,
23       such papers shall be accompanied by an application to file the
24       papers – or the confidential portion thereof – under seal; the
25       application must show good cause for the under seal filing.  The
26       application shall be directed to the judge to whom the papers are
27       directed.  Pending the ruling on the application, the papers or
28

CRONE HAWXHURST LLP
10880 WILSHIRE BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90024
Tel: (310) 893-5150 • Fax: (310) 893-5195

portions thereof subject to the sealing application shall be lodged under seal.  The parties shall keep in confidence all copies of such Materials as provided in this Order.

5. **Treatment of Protected Material.**  Material designated "Confidential" may not be disclosed except as set forth in paragraph 6 below.  Protected Material shall be kept in secure facilities, and access to those facilities shall be permitted only to those Persons having proper access thereto under this Stipulated Protective Order.  Protected Material shall be used solely for the purposes of this litigation and shall not be used for any business or other purpose.  The restrictions on use of Protected Material set forth in this Order shall survive the conclusion of the litigation, and, after conclusion of this litigation, the Court shall retain jurisdiction for the purpose of enforcing this Stipulated Protective Order.

6. **Access to Material Designated "Confidential."**  Material designated "Confidential" may be disclosed only to the following:

(a) Any Party; any officer, director, employee, or former employee of a Party; or any officer, director, employee, or former employee of a parent, subsidiary, or affiliate of a Party, disclosure to whom counsel believes in good faith is necessary to assist in the prosecution or defense of this action, provided that such Person agrees to maintain the confidentiality of the information disclosed in accordance with the terms of this Stipulated Protective Order by execution of the Declaration attached hereto as Exhibit A;

(b) Counsel of record for any Party, including in-house counsel;

(c) Paralegal, stenographic, clerical, and secretarial personnel regularly employed by counsel listed in (b) above;

(d) Court personnel, including stenographic reporters engaged in such proceedings as are necessarily incident to preparation for trial and

trial of this action;

(e) Personnel of copy service firms or attorney service firms retained by counsel listed in (b) above in connection with this action;

(f) Any independent consultant or expert, not including a Party or a current or former employee of a Party, retained in connection with this action, provided that each such person first acknowledges in writing, under oath, that he or she has read this Stipulated Protective Order and agrees to be bound by its terms. This acknowledgment shall be made by execution of the Declaration attached hereto as Exhibit A. All such written acknowledgments shall be maintained by counsel making the disclosure of the Protected Material, and shall be provided to the opposing Party's counsel at the conclusion of this action, upon request; and

(g) Any other Person to whom the Producing Person agrees in writing.

Nothing in this Order shall prohibit a Party, or Persons employed or formerly employed by or affiliated with such Party, from reviewing the Materials it designates as Confidential, or from reviewing any Materials it has authored or on which it is identified as a recipient.

7. **Examination of Third Party Witnesses.** Any Person may be examined as a witness during a deposition concerning any Protected Material that appears on its face or from other documents or testimony to have been received or authored by that Person. During examination, an examining Party may show such a witness such Protected Material. If a Party wishes to examine a witness during a deposition concerning any Protected Material of another Person, and the witness has not previously received, authored, or otherwise had lawful access to such Protected Material, the examining Party shall first obtain the consent of the Producing Person who designated the Material, or their attorneys, if any, and shall require the witness

to agree to maintain the confidentiality of the Protected Material in accordance with the terms of this Stipulated Protective Order by execution of the Declaration attached hereto as Exhibit A.

8. **Challenging Confidentiality Designations.**  By entering into this Stipulated Protective Order, no Party concedes that any Material designated as Protected Material has been properly so designated.  Should any Party object to any confidentiality designation, the objecting Party shall provide written notice of the basis for such objection to the Producing Party and shall attempt in good faith to resolve the objection informally with the Producing Party as soon as practicable.  If the objection cannot be informally resolved within a reasonable time, the objecting Party may move for an order determining whether the Materials are properly designated, pursuant to Local Rule 37-1, *et seq.*  Until a motion is filed and resolved by the Court, all such Materials shall be treated as Protected Materials.  The foregoing is without prejudice to the right of any Person to apply to the Court for modification of this Stipulated Protective Order or for a further protective order relating to Confidential Information.  Moreover, this provision is not intended to shift any of the burdens set by the Federal Rules of Civil Procedure or the case law thereunder with respect to the application of privileges.

9. **Confidentiality Obligations to Third Parties.**  In the event that information in the possession or control of a Person from whom discovery is sought involves the confidentiality rights of a non-party or that its disclosure would violate a Protective Order issued in another action, the Person with possession or control of the information will attempt to obtain the consent of the non-party to disclose the information subject to the terms of this Stipulated Protective Order.  If the consent of the non-party cannot be obtained, the Person will notify the Party seeking discovery of:  (a) the existence of the information without producing such information; and (b) the identity of the non-party (provided, however, that such

disclosure of the identity of the non-party in and of itself does not violate any confidentiality obligation). The Party seeking discovery may then make further application to the non-party or seek other means to obtain such information.

10. **Inadvertent Disclosure of Confidential Information.** Inadvertent failure to designate as Protected Material any information pursuant to this Order shall not constitute a waiver of any otherwise valid claim for protection thereof, so long as such designation is asserted promptly following discovery of the inadvertent failure. At such time, arrangements shall be made for the Producing Party to appropriately mark the information in accordance with this Order.

11. **Inadvertent Disclosure of Privileged Information.** The production (or making available for inspection) of Material without an express written notice of intent to waive the attorney-client privilege or work product immunity or any other applicable privilege or immunity from discovery shall not constitute a waiver of the attorney-client privilege or work product immunity or any other applicable privilege or immunity from discovery, so long as the Producing Person informs the Receiving Person of the identity of the Materials the Producing Person contends are privileged, reasonably promptly after the Producing Person becomes aware of the specific Materials that were allegedly inadvertently produced. If the Receiving Person becomes aware of specific Materials that it believes may be subject to a claim of privilege by the Producing Person, the Receiving Person shall timely notify the Producing Person of these specific Materials. Upon being made aware of these Materials, the Producing Person shall timely designate any such Materials as within the attorney-client privilege or work product immunity or any other applicable privilege or immunity and request return of such Materials to the Producing Person. Upon request by the Producing Person, the Receiving Person shall immediately return all copies of such inadvertently produced Material(s), and shall otherwise comply with the provisions of Federal Rule of Civil Procedure 26(b)(5)(B).

CRONE HAWXHURST LLP
10880 WILSHIRE BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90024
Tel: (310) 893-5150 • Fax: (310) 893-5195

{00052689.DOC - v1}

-8-
PROPOSED PROTECTIVE ORDER RE: CONFIDENTIALITY

1  Nothing herein shall prevent the Receiving Person from challenging the propriety of
2  the attorney-client privilege or work product immunity or other applicable privilege
3  or immunity designation by submitting a written challenge to the Court, but any
4  such challenge shall not assert as a basis the fact or circumstances of the inadvertent
5  production.  If a claim is disputed, the Receiving Person shall not use or disclose
6  Materials for which a claim of privilege or immunity is made pursuant to this
7  paragraph for any purpose until the matter is resolved by agreement of the parties or
8  by the Court.  This Order constitutes a party agreement within the meaning of
9  Federal Rule of Evidence 502(e), and upon adoption by the Court a court order
10 within the meaning of Federal Rule of Evidence 502(d), and thus supersedes any
11 inconsistent provisions of Federal Rule of Evidence 502(b).

12.  **Conclusion of Action.**  This Stipulated Protective Order, insofar as it restricts the communication and use of Confidential Information, shall continue to be binding throughout and after the conclusion of this action, including any appeals. At the conclusion of this action, including appeals, counsel for each Party shall either return to the Producing Person or destroy all Protected Materials, and shall designate in writing that all such materials have in fact been returned or destroyed. Notwithstanding the foregoing, counsel for the Parties need not return or destroy any Protected Material that becomes a part of the Court record in this action, by use as a trial exhibit, inclusion in a court filing, inclusion in any record on appeal, or otherwise.

13.  **Inadmissibility.**  This Stipulated Protective Order, the fact of its adoption or entry, and any provision of this Stipulated Protective Order or attached form shall not be admissible for any purpose of this litigation, except to the extent necessary to enforce its terms.  In any such enforcement proceeding, the prevailing party shall recover its reasonable attorneys' fees and expenses in maintaining such proceeding.

14. **Miscellaneous.** Nothing in this Order shall preclude any party from making any claim of privilege as to any information requested by another party. Failure to designate Material as Protected Material shall not constitute a waiver of any other claim of privilege.

For good cause appearing, IT IS SO ORDERED.

DATED: July 9, 2012

HON. PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE

<u>Exhibit A</u>

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ANTHONY ENCARNACAO, an individual,<br><br>        Plaintiff,<br><br>vs.<br><br>PHASE FORWARD INCORPORATED, a Delaware corporation, *et al.*<br><br>        Defendants. | Case No.: CV11-05090 ODW (PLA)<br><br>**DECLARATION CONCERNING AMENDED PROTECTIVE ORDER RE: CONFIDENTIAL INFORMATION** |

I, _____, declare as follows:

1. My address is

   _____.

2. I have received a copy of the Protective Order Re: Confidential Information ("Stipulated Protective Order") entered by the United States District Court in this lawsuit.

3. I have carefully read and I know the contents of the Stipulated Protective Order, and I agree to be bound by it. I specifically understand and agree that I shall not use or disclose, in public or private, any Protected Materials or Confidential Information or information derived therefrom without the prior written consent of the designating Party or as otherwise set forth in the Stipulated Protective Order or permitted or required by an order of the Court. I agree that I will not keep any originals or copies of any Materials designated "Confidential" for any purpose, unless such Materials were in my possession prior to the commencement of this litigation.

CRONE HAWXHURST LLP
10880 WILSHIRE BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90024
Tel: (310) 893-5150 • Fax: (310) 893-5195

4. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

By: _____
Name: _____
Date: _____